53 F.3d 342
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Gary Alan FREDERICK, Plaintiff-Appellant,
v.
UNITED STATES DEPARTMENT OF HEALTH & HUMAN SERVICES,
Defendant-Appellee.
 No. 94-6197.
 (D.C. No. CIV-93-438-W).
 United States Court of Appeals, Tenth Circuit.
 April 26, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT[1]
 ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Gary Alan Frederick appeals from the denial of social security disability benefits at step four of the five-part sequential evaluation process. Mr. Frederick, who suffered from polio as a youth, pursues a claim for benefits filed in November 1988, alleging a disability since December 1987 due to injuries to both legs, back pain, a pulmonary embolism, and depression following a fall. He received two hearings before administrative law judges (ALJ), both of whom denied benefits. The Appeals Council denied review of the second ALJ's decision, and it became the final position of the Secretary. We have jurisdiction under 42 U.S.C. 405(g), and we reverse and remand for further proceedings.
 
 
 3
 We meticulously examine the record as a whole to determine whether the Secretary's factual findings are supported by substantial evidence and whether she applied the correct legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). Plaintiff raises four issues on appeal.
 
 
 4
 First, he asserts that the regulations do not allow the ALJ to find that he can do sedentary work when he cannot sit continuously for more than one hour at a time. See Appellant's Supp.App. at 30 (finding 5). Plaintiff does not provide any relevant authority for this statement, however, and we are unaware of any. Therefore, we reject this argument. The vocational expert (VE), Dr. Cary Bartlow, testified that plaintiff's need to stand for a few minutes every hour to relieve back and leg pain could be accommodated at his past sedentary banking jobs. See generally id. at 132-36.
 
 
 5
 Next, plaintiff argues that the opinions of his mental health caregivers should have directed a finding of disability due to severe depression. As the ALJ discussed in his decision, however, the evidence that plaintiff suffers from severe depression is controverted--even by plaintiff himself. See Appellant's Supp.App. at 25-27, 263-64. We may not reweigh the evidence, Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir.1994), and the ALJ's finding that plaintiff suffers from only slight depression, Appellant's Supp.App. at 27, is supported by substantial evidence.
 
 
 6
 Nevertheless, we remand for additional development of the vocational evidence related to this nonexertional impairment. At step four, the ALJ must "review the claimant's residual functional capacity 'and the physical and mental demands of the work [he has] done in the past.' " Henrie v. United States Dep't of Health & Human Servs., 13 F.3d 359, 361 (10th Cir.1993) (quoting 20 C.F.R. 404.1520(e)). "Social Security Ruling 82-62 addresses the ALJ's role more specifically, requiring him or her to make findings regarding 1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity." Id. The VE testified that plaintiff would be free to stand every hour as needed to relieve back and leg pain in any of his past jobs, but that if he suffered serious concentration lapses due to depression, he would not be able to perform any of them. Appellant's Supp.App. at 135. The ALJ failed to ask the VE whether plaintiff could return to any of these jobs despite the slight depression the ALJ accepted as true. See generally id. at 132-36. " '[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.' " Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir.1991) (quoting Ekeland v. Bowen, 899 F.2d 719, 722 (8th Cir.1990)). Thus, the ALJ's conclusion that plaintiff can return to his past work, without taking into account his slight depression and the mental demands of his past banking jobs, is not supported by substantial evidence. See id.
 
 
 7
 In addition, although the following legal errors in the ALJ's evaluation of the medical evidence of plaintiff's exertional impairments are not our grounds for reversal because plaintiff did not raise them, we note the errors for correction on remand. The ALJ is required to "evaluate every medical opinion" he receives. 20 C.F.R. 404.1527(d). Yet, he made no mention in his decision of either the opinion of Dr. Richard Loy, an examining physician hired by plaintiff, that plaintiff is totally disabled, see Appellant's Supp.App. at 203-25, 348-63, or the report of the Dallas Rehabilitation Institute, id. at 396-416, which the ALJ had specifically requested.
 
 
 8
 The ALJ discussed but rejected the favorable opinions of plaintiff's treating physicians, Dr. Perry Taaca and Dr. Jeffrey Hirsch, on the basis they were conclusory, unsupported by objective medical evidence, and gave no indication of the length of the treating relationship. While we agree that these opinions are not lengthy, the ALJ is under an obligation to "make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determination, prior to evaluating medical evidence obtained from any other source on a consultative basis." 42 U.S.C. 423(d)(5)(B). As far as we can ascertain from the record, the ALJ made no attempt to obtain from these physicians the information he deemed to be lacking in their reports.
 
 
 9
 The ALJ ultimately relied on the opinion of Dr. Alvin Rix, a consultative physician hired by the agency, that plaintiff does not demonstrate post-polio syndrome and that his sedentary activities appear to be fully normal. Appellant's Supp.App. at 28-29, 363-64. Dr. Rix's opinion, though more detailed than that of either Dr. Taaca or Dr. Hirsch, is, like them, not supported by diagnostic tests--the very reason the ALJ disregarded plaintiff's physicians' opinions. The ALJ also failed to evaluate whether Dr. Rix's opinion is consistent with the record as a whole, as he is required to do. See 20 C.F.R. 404.1527(d)(4). When a treating physician's opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other physicians' reports "to see if [they] 'outweigh[ ]' the treating physician's report, not the other way around." Reyes v. Bowen, 845 F.2d 242, 245 (10th Cir.1988). We do not hold that the ALJ, on remand, may not properly reject the treating physicians' opinions that plaintiff is disabled and rely on the consultative physician's opinion that he is not. We merely point out that there is a specific review process that must be followed. Disability hearings are nonadversarial proceedings. Henrie, 13 F.3d at 361. Because plaintiff represented himself before the agency, the ALJ had a heightened duty of factual inquiry to fully develop the record. See id. at 360-61.
 
 
 10
 We reject plaintiff's argument that Sisco v. United States Department of Health & Human Services, 10 F.3d 739 (10th Cir.1993), mandates reversal for an award of benefits. In Sisco, "[t]he ALJ built his factual basis by taking Plaintiff's testimony out of context and selectively acknowledging parts of her statements while leaving important segments out.... [T]he ALJ impeached Plaintiff's unrebutted testimony [and] discredited her treating physician's unchallenged diagnosis...." 10 F.3d at 743. We concluded that "[plaintiff's] case st[ood] unchallenged," id. at 746, and "the ALJ's decision that Plaintiff [wa]s capable of performing full-time sedentary or light work was not supported by substantial evidence," id. at 745. Here, plaintiff's evidence of disability is not so overwhelming as to be fairly characterized as unchallenged, and plaintiff has not demonstrated a distortion of the factual record by the ALJ to bring this case within Sisco.
 
 
 11
 The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED to the District Court with directions to remand to the Secretary for additional proceedings consistent with this order and judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470