**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 10 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

JIMMY BRIDGEMAN,

     Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

     Defendant-Appellee.

No. 96-7047
(D.C. No. CV-95-194-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before EBEL and HENRY, Circuit Judges, and DOWNES,[***] District Judge.

---

[*] Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[***] Honorable William F. Downes, District Judge, United States District Court for the District of Wyoming, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Jimmy Bridgeman appeals the district court's affirmance of the decision by the Secretary of Health and Human Services denying his application for supplemental security income (SSI) benefits. Because the Secretary's decision that claimant can perform his previous work is not supported by substantial evidence, we reverse and remand the case for further proceedings.

Claimant applied for SSI benefits in November 1992, alleging an inability to work due to diabetes, hemorrhoids, back pain, removal of a portion of his stomach and pancreas, ulcers, and problems with stress. After a hearing, the administrative law judge (ALJ) found that claimant could perform his former work as a light delivery truck driver despite his impairments. The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed, and this appeal followed.

We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence and whether correct legal standards were applied. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Id.
(quotations and citations omitted). We may "neither reweigh the evidence nor substitute our judgment" for that of the Secretary. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

On appeal, claimant argues that (1) the Secretary's findings regarding the severity of his mental impairment are not supported by substantial evidence; (2) the ALJ failed to develop the record regarding the mental demands of claimant's past work and his ability to perform that work despite his mental impairment; and (3) the ALJ failed to discuss the evidence he considered in filling out the Psychiatric Review Technique form. We do not address claimant's third argument as it was not raised in the district court.[1] See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).

After reviewing the record, we conclude that substantial evidence supports the Secretary's finding that claimant's mental impairment limited his functional abilities only slightly to moderately, with no episodes of deterioration or decompensation at work, and that claimant could perform light work not requiring

---

[1] The Secretary argues that claimant's second issue, regarding the mental requirements of his past work, also was not raised in the district court. See Appellee's Br. at 6. This is not correct, however, as claimant specifically raised in his objections to the magistrate judge's report and recommendation the issue whether the ALJ "made a flawed step IV analysis by failing to make required specific findings concerning his past relevant work." R. I at 15.

the toleration of high stress. Other than claimant's testimony, which the ALJ found incredible, there is no evidence that claimant's mental impairments significantly restricted his ability to perform all types of work. Although claimant testified that he worked only two days at his one former job, R. II at 298-99, and somewhat inconsistently, that he quit several jobs which became too stressful after a few days, id. at 294, his earnings records show a fairly consistent work history between his return from Vietnam in 1969 and his last recorded employment in 1981, id. at 62.[2]

The case must be remanded, however, because the record does not contain evidence to support the ALJ's conclusion that claimant can return to his former work as a light delivery driver despite his inability to tolerate high stress. In Henrie v. United States Department of Health & Human Services., 13 F.3d 359 (10th Cir. 1993), we held that the ALJ must develop the record and make express findings regarding "1) the individual's residual functional capacity, 2) the physical and mental demands of prior jobs or occupations, and 3) the ability of the individual to return to the past occupation given his or her residual functional capacity." Id. at 361; see S.S.R. 82-62, Soc.Sec.Rep. 809, 812 (West 1983). Here, the record contains no evidence regarding the mental demands of claimant's

---

[2]     We note that during most of these years, claimant's earnings were above the amounts considered to be "substantial gainful employment," see 20 C.F.R. § 416.974(b)(2), with earnings as high as approximately $11,800, see R. II at 62.

former occupation or his ability to return to that occupation given his inability to tolerate high stress. The case, therefore, must be remanded for further factual development on these issues. See Henrie, 13 F.3d at 361.

The judgment of the United States District Court for the Eastern District of Oklahoma is REVERSED, and the case is REMANDED to the court with directions to REMAND to the Commissioner of Social Security for further proceedings consistent with this order and judgment.

Entered for the Court

William F. Downes
District Judge