F I L E D
United States Court of Appeals
Tenth Circuit

JAN 4 2001

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

AURORA L. CHESTER,

        Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

        Defendant-Appellee.

No. 00-7021
(D.C. No. 97-CV-119-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK, ANDERSON,** and **HENRY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case began with plaintiff Aurora Chester's application for disability and supplemental security income benefits. The Commissioner denied her application, plaintiff sought review of the denial, and the district court affirmed. This court then reversed the denial of benefits because of the administrative law judge's (ALJ) legal errors and remanded to the Commissioner for further proceedings. Because plaintiff was the prevailing party in that civil action, she filed a motion in the district court requesting attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA). *See* 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *Id.* The district court denied the motion because it determined that the Commissioner's position was substantially justified. Because we conclude that the district court abused its discretion in denying the motion, we reverse and remand. *See Pierce v. Underwood*, 487 U.S. 552, 559, 563 (1988).

In reaching our conclusion, we begin with the underlying proposition that it is the Commissioner's burden to show that his position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The "position" that must be substantially justified includes not only the Commissioner's position in

the civil litigation, but also the agency's action or failure to act. 28 U.S.C. § 2412(d)(2)(D); *see also Hadden*, 851 F.2d at 1267. And finally, the Commissioner's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. Stated differently, his position must have a "reasonable basis both in law and fact." *Id*. (quotation omitted).

At the agency level, the Commissioner's position is found in the ALJ's decision that plaintiff was not disabled (and, therefore, not entitled to benefits) because her physical and mental limitations did not prohibit her from performing her past relevant work. Plaintiff appealed that decision to the district court, arguing, among other things, that the ALJ applied the wrong legal standard in failing to properly develop the vocational record. Specifically, she argued that the ALJ committed reversible legal error when he failed to establish the mental demands of her past work and compare them to her mental limitations in finding that she could perform her past work.[1] The district court disagreed and held that the ALJ applied the proper legal standards, without explaining exactly how the ALJ's analysis satisfied his obligation. On appeal, we reversed, holding that the

---

[1] Plaintiff presented several other arguments of ALJ error on appeal, but since the failure to develop the vocational record was, by itself, an obvious legal error for which the Commissioner offered no substantial justification, we need not address the other points of alleged error.

ALJ made a legal error in concluding plaintiff could perform her past work. Consequently, in opposing the EAJA motion, the Commissioner must show not only that his litigation position in defending the ALJ's legal error was substantially justified, but also that the initial legal error by the agency was substantially justified.

Attempting to satisfy his burden to show that his position was substantially justified, in his opposition to the EAJA motion the Commissioner pointed to only one fact: that the district court found no legal error and affirmed the denial of benefits. The Commissioner argued that "the fact that the [he] did prevail at the district court level more than adequately supports the proposition that the government's position was substantially justified." R. Vol. I at 43. Similarly, on appeal, the Commissioner relies solely on the district court's favorable decision as evidence that his position was substantially justified. He states that the district court's finding that reasonable minds could differ as to whether the ALJ committed legal error is, itself, sufficient to establish that a reasonable person would see the government's position as correct and, thus, substantially justified. Appellee's Br. at 8. However, the fact that one other court agreed with the Commissioner, standing alone, does not establish that his position was substantially justified. *Pierce*, 487 U.S. at 569; *Hadden*, 851 F.2d at 1267. Because he offered no other argument of substantial justification, he failed to

carry his burden. *See Hadden*, 851 F.2d at 1267 ("The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue.").

More important than the Commissioner's technical failure to carry his burden, however, is the fact that the record simply does not reveal a reasonable basis for either the ALJ's legal error, or the Commissioner's litigation position in arguing there was no error. The law is clear, as it was at the time the ALJ made his decision, that the ALJ had a duty to develop the record by establishing the mental demands of plaintiff's past work and comparing them with her mental limitations before he could conclude that plaintiff could perform her past work. *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993); *Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996). As we held on appeal, the ALJ simply did not fulfill that duty. He made specific findings regarding plaintiff's mental limitations (that she was limited to performing jobs in low-stress, nonpublic environments which involved only simple and repetitive tasks with limited co-worker contact), but he completely failed to establish the mental demands of her past work, and it follows that he also made no attempt to compare the mental demands of the job with her mental limitations. *See Chester v. Apfel*, No. 98-7106, 1999 WL 360176, at **2-3 (10th

Cir. June 4, 1999). This was a glaring legal error, and the record reveals no reasonable legal basis for the ALJ's failure to fulfill his obligation to develop the record by making the required findings. As a result, the Commissioner can not show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error.

In sum, we conclude that the district court abused its discretion in denying the EAJA motion for two reasons. First, the Commissioner bears the burden of showing that his position was substantially justified, and his sole argument to that end–that the district court agreed with his position when it affirmed the agency action–does not, by itself, establish substantial justification. More importantly, the record reveals no reasonable basis for either the ALJ's obvious legal error in failing to develop the vocational record in the first instance, or for the Commissioner's litigation position in arguing that there was no error. Consequently, we REVERSE the district court's denial of plaintiff's EAJA motion for fees and costs, and we REMAND for proceedings consistent with this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-6-