FILED

United States Court of Appeals
Tenth Circuit

March 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

PATRICK D. DORMAN,

Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

Defendant-Appellee.

No. 09-5055
(D.C. No. 4:07-CV-00673-FHM)
(N.D. Okla.)

ORDER AND JUDGMENT[*]

Before **LUCERO**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Patrick Dorman appeals the denial of his application for Social Security

disability benefits. An administrative law judge ("ALJ"), whose decision was

ultimately upheld by the district court, determined that Mr. Dorman suffered from

severe chronic obstructive pulmonary disease and mild mental impairments. At

the same time, the ALJ held that Mr. Dorman had the residual functional capacity

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to return to his past relevant work as a building maintenance supervisor or construction supervisor.  Before us, Mr. Dorman argues that the ALJ's latter conclusion lacks sufficient evidentiary support in the record because, among other things, the ALJ failed to consider the mental requirements of Mr. Dorman's previous work and whether he could satisfy them despite his mental impairments.  With this argument, we agree.

\* \* \*

We may review a decision denying Social Security disability benefits "only to determine whether the correct legal standards were applied and whether the factual findings are supported by substantial evidence in the record."  *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  It requires more than a scintilla, but less than a preponderance."  *Cowan v. Astrue*, 552 F.3d 1182, 1185 (10th Cir. 2008) (internal quotation marks omitted).

The procedure for determining disability status is, by this point, well established.  *See generally Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (describing the five-step process).  A claimant is not to be considered legally disabled unless he proves, among other things, that he cannot return to a job that he has held within the past fifteen years.  *See* 20 C.F.R. § 404.1560(b).  Our opinion in *Winfrey v. Chater*, 92 F.3d 1017, 1023-26 (10th Cir. 1996), lays out a

three-step framework for ascertaining whether the claimant meets that burden. The ALJ begins by establishing the claimant's residual functional capacity, which must "consider the limiting effects of all [the claimant's] impairment(s)." 20 C.F.R. § 404.1545(e). Next, the ALJ makes findings regarding the physical and mental demands of the claimant's past relevant work. Finally, the ALJ compares the claimant's residual functional capacity with the demands of the previous positions to determine whether the claimant still has the ability to perform any of his past occupations. In doing all of this, the ALJ may rely on information provided by a neutral vocational expert ("VE"), who can testify to the demands of the past relevant work and answer the ALJ's hypothetical questions. *See Winfrey*, 92 F.3d at 1023-26.

The ALJ in this case carefully conducted the first step of this analysis. In assessing Mr. Dorman's residual functional capacity, the ALJ found that Mr. Dorman had certain physical impairments, including severe chronic obstructive pulmonary disease, and mild mental impairments, including a "mild restriction in activities of daily living . . . , mild difficulties in maintaining social functioning . . . , [and] mild deficiencies of concentration, persistence, and pace." ALJ Op. at 4.

In the next two steps, however, the ALJ only analyzed the *physical* demands of Mr. Dorman's past relevant jobs, relying in part on the assistance of a VE, before concluding that Mr. Dorman was capable of performing those jobs.

The record, meanwhile, is devoid of any evidence regarding the *mental* demands of Mr. Dorman's past relevant work and whether Mr. Dorman might be able to meet them. Neither the ALJ nor VE addressed these questions. This oversight is problematic given the ALJ's finding at *Winfrey*'s first step that Mr. Dorman in fact suffered from some degree of mental impairment. As we explained in *Winfrey*, "[w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety . . . in order to determine if the claimant's mental impairment is compatible with the performance of such work." 92 F.3d at 1024 (quotation marks omitted). That was not done in this case.

Because the record before us lacks evidence that Mr. Dorman is capable of the *mental* demands of his past relevant work, the Commissioner's determination is not supported by substantial evidence and cannot be sustained. Our conclusion in this case parallels conclusions we have reached in several prior cases. *See, e.g.*, *Frantz v. Astrue*, 509 F.3d 1299, 1303-04 (10th Cir. 2007) (remanding for "fail[ure] to determine and then make findings regarding the mental demands of [the claimant's] past relevant work"); *Bridgeman v. Chater*, 1997 WL 174113, at *2 (10th Cir. Apr. 10, 1997) (unpublished) (finding no substantial evidence where "the record contains no evidence regarding the mental demands of the claimant's former occupation"); *Frederick v. U.S. Dep't of Health & Human Servs.*, 1995 WL 243437, at *1 (10th Cir. Apr. 26, 1995) (unpublished). That being said, we

- 4 -

find none of Mr. Dorman's remaining challenges to the Commissioner's determination availing. So, while this matter must be remanded, the remand is limited to assessing the mental demands of Mr. Dorman's past relevant work and his capacity to fulfill them.

* * *

The judgment of the district court is vacated, and the case is remanded to that court with directions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Neil M. Gorsuch
Circuit Judge

- 5 -