**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

PATRICK D. DORMAN,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,
Commissioner, Social Security
Administration,

        Defendant-Appellee.

No. 10-5166
(D.C. No. 4:07-CV-00673-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit
Judge.

---

"The Equal Access to Justice Act (EAJA) [28 U.S.C. § 2412(d)] provides

for the award of fees and expenses to the prevailing party in a civil action against

the Federal Government, unless the position of the United States was substantially

justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir. 1993) (quotations

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

omitted). In this social security disability case, the district court denied the plaintiff's request for an EAJA fee, finding that the Commissioner of Social Security (Commissioner) had demonstrated his position was substantially justified. Because the district court abused its discretion, we reverse its order and remand with instructions to award the plaintiff an EAJA fee.

## BACKGROUND

The plaintiff, Patrick D. Dorman, filed his application for social security disability benefits on November 29, 2004, alleging that he became disabled on December 30, 2003, due to breathing problems and depression. The agency denied his applications initially and on reconsideration. Mr. Dorman obtained a hearing before an administrative law judge (ALJ), who determined that he could return to his past relevant work as a building maintenance supervisor and construction supervisor, and therefore upheld the denial of his application. Mr. Dorman then appealed administratively to the Appeals Council, which denied review of the ALJ's decision.

Mr. Dorman thereafter sought review of the ALJ's decision in federal district court. He asserted that the Commissioner had erred in three respects. First, he claimed, the ALJ failed to properly consider at step four of his analysis the effects of his mental impairments and his mental and physical ability to return

to his past relevant work.[1]  Second, he argued that the ALJ failed to perform a proper evaluation of his treating physician's opinions concerning his ability to work.  Finally, he contended the ALJ "formulated a faulty credibility determination" that "was inconsistent, erroneous and incomplete."  Aplt. App., Vol. I at 27.  The district court considered and rejected these arguments and affirmed the Commissioner's decision.

Mr. Dorman then appealed to this court, raising essentially the same issues he had presented in the district court but focusing his step four argument on the ALJ's failure to properly evaluate his mental impairments.  As part of his step four argument, Mr. Dorman contended that "[t]he ALJ failed to perform a proper analysis of [his past relevant work] and the mental demands of that work." *Id.* at 88.  This court found merit to this argument.  We concluded that "[b]ecause the record before us lacks evidence that Mr. Dorman is capable of the *mental* demands of his past relevant work, the Commissioner's determination is not supported by substantial evidence and cannot be sustained."  *Dorman v. Astrue*, 368 F. App'x 864, 866 (10th Cir. 2010) (*Dorman I*).  We found unavailing Mr. Dorman's other challenges to the Commissioner's determination, but remanded to the district court with instructions to remand to the Commissioner

---

[1]     The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing process).  At step four, the relevant inquiry concerns the claimant's ability to return to his past relevant work.

for further proceedings on the step four issue concerning the mental demands of Mr. Dorman's past relevant work.

Mr. Dorman's counsel thereafter petitioned the district court for an award of EAJA fees. The district court denied his petition,[2] concluding that the Commissioner had demonstrated that his position was substantially justified.

## ANALYSIS

To obtain an EAJA fee award, the claimant must be a prevailing party who incurred fees in an action by or against the United States. 28 U.S.C. § 2412(d)(1)(A). Mr. Dorman satisfied this requirement by obtaining a remand to the agency for further proceedings after the Commissioner of Social Security denied his claim for benefits. The government can defeat an EAJA claim, however, by showing that its position was substantially justified. *See id.*

An agency position is substantially justified for purposes of the EAJA if it is "justified in substance or in the main--that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation omitted). In other words, the government's position must have had a reasonable basis both in law and fact. *See id.* We review the district court's determination that the government's position was substantially justified for an abuse of discretion. *Id.* at 559; *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir.

---

[2] The parties consented to entry of judgment by a magistrate judge, who entered the Opinion and Order at issue in this appeal. *See* 28 U.S.C. § 636(c)(1).

1995).  "An abuse of discretion occurs when the district court bases its ruling on an erroneous conclusion of law or relies on clearly erroneous fact findings," *Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998), or when the district court's decision is "arbitrary, capricious or whimsical, or results in a manifestly unreasonable judgment," *Moothart v. Bell*, 21 F.3d 1499, 1504-05 (10th Cir. 1994) (quotations omitted).

The district court concluded that because the ALJ determined that Mr. Dorman's depression and obsessive-compulsive disorder would not significantly affect his ability to work, the regulations did not put the ALJ on notice that he had any obligation to inquire about the mental demands of Mr. Dorman's past relevant work.  It reasoned as follows:

> Where, as here, the ALJ is "persuaded that the claimant's depression and obsessive-compulsive disorder would not significantly affect his ability to engage in work related activities," [Dkt. 12, p. 20], mental limitations are appropriately omitted from the RFC.  In other words, under the regulations where the ALJ finds that mental limitations have no impact on the ability to work, the ALJ has no obligation to inquire about the mental demands of past work.  Since the ALJ could not have anticipated what appears to be a new interpretation of the regulations by the Tenth Circuit in this case, the ALJ was substantially justified in failing to inquire about the mental demands of Plaintiff's past work.

Aplt. App., Vol. I at 243 (emphasis added).

Having carefully considered this analysis, we respectfully find ourselves unable to agree with the conclusions reached by the district court.  In our view, the ALJ did not conclude that Mr. Dorman's mental impairments would have

-5-

"no impact" on his ability to work.  Rather, his conclusion was that the impairments would not "significantly affect his ability to engage in work related activities."  *Id.*  We believe the ALJ used this precise language deliberately.

Under the regulations, an impairment that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities" is classified as non-severe.  20 C.F.R. § 404.1521(a).  Non-severe but medically determinable mental impairments must be taken into account when establishing a claimant's RFC.  *See id.* § 404.1545(a)(2).  We therefore find ourselves unable to agree with the district court's conclusion that the ALJ need not consider as part of his RFC mental limitations that do not "significantly affect" the claimant's ability to engage in work-related activities.  Rather, the ALJ is required to do so.

As we noted in *Dorman I*, the ALJ in this case concluded "that Mr. Dorman in fact suffered from some degree of mental impairment."  *Dorman*, 368 F. App'x at 866.  This being the case, as we had explained in *Winfrey v. Chater*, 92 F.3d 1017, 1024 (10th Cir. 1996), which was published ten years before the ALJ issued his decision, the ALJ was obligated "to obtain a precise description of the particular job duties which are likely to produce tension and anxiety . . . in order to determine if the claimant's mental impairment is compatible with the performance of [his past relevant] work."  *Dorman*, 368 F. App'x at 866 (quoting *Winfrey*, 92 F.3d at 1024).  The ALJ erred by failing to do so.

-6-

We also respectfully disagree with the district court's conclusion that our result in *Dorman I* represents a "new interpretation" of the regulations. *See* Aplt. App., Vol. I at 243. First of all, no "interpretation" of § 404.1545(a)(2) was required. Its plain language provides that non-severe mental impairments must be taken into account when calculating RFC. Moreover, in *Dorman I* we cited a number of prior cases whose conclusions concerning the need to evaluate the mental demands of past relevant work "paralleled" our conclusion in Mr. Dorman's case. *Dorman*, 368 F. App'x at 866.

In its EAJA fee decision, however, the district court emphasized how much "[t]he instant case is *unlike* the cases cited in the Tenth Circuit order." Aplt. App., Vol. I at 243 (emphasis added). It then attempted to distinguish the cases we cited in *Dorman I*, reasoning that they involved mental impairments found to be more serious than those involved in Mr. Dorman's case. While we appreciate the district court's considered effort on this point, we stand by our reasoning in *Dorman I*.

It is true that in one of the cases we cited, *Frantz v. Astrue*, 509 F.3d 1299, 1303-04 (10th Cir. 2007), the ALJ had found that the claimant's mental impairments were severe, a factor not present here. The other two cases, however, did not characterize the mental impairments involved as severe and relied instead on findings of only mild to moderate limitations that were similar in important respects to the one made in Mr. Dorman's case. *See Bridgeman v.*

-7-

*Chater*, No. 96-7047, 1997 WL 174113, at *1-2 (10th Cir. Apr. 10, 1997)

(holding "that substantial evidence supports the Secretary's finding that

claimant's mental impairment limited his functional abilities only slightly to

moderately, with no episodes of deterioration or decompensation at work, and that

claimant could perform light work not requiring the toleration of high stress," but

remanding "because the record does not contain evidence to support the ALJ's

conclusion that claimant can return to his former work as a light delivery driver

despite his inability to tolerate high stress"); *Frederick v. United States Dep't of

Health & Human Servs.*, No. 94-6197, 1995 WL 243437, at *1 (10th Cir. Apr. 26,

1995) (affirming "ALJ's finding that plaintiff suffers from only slight

depression," but remanding because ALJ failed to consider this slight depression

in light of "the mental demands of his past banking jobs").

It is the principle for which we cited these cases in *Dorman I* that is

important:  where the claimant suffers from a medically-determinable mental

impairment, before finding that he can return to his past relevant work the ALJ

must determine the mental demands of that work and whether the claimant can

meet them.  As we stated in a prior EAJA fee case, "[t]he law is clear . . . that the

ALJ had a duty to develop the record by establishing the mental demands of

plaintiff's past work and comparing them with her mental limitations before he

could conclude that plaintiff could perform her past work."  *Chester v. Apfel*,

1 F. App'x 792, 794 (10th Cir. 2001). Failure to do so was a legal error that justified an award of fees. *Id.* at 795.

The district court also concluded that the Commissioner's litigation position was substantially justified, because the past relevant work issue was not the focus of Mr. Dorman's arguments in the district court and was not well-developed in his briefing. We need not determine whether this conclusion represented an abuse of discretion. The Commissioner's position must generally be substantially justified at *both* the administrative and litigation levels. *See Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007). Even if we accept the reasons cited by the district court they do not suggest that the government's position in litigation somehow "cured" the ALJ's errors. *See id.*

## CONCLUSION

The district court abused its discretion in denying Mr. Dorman's EAJA fee motion. Consequently, we REVERSE the district court's denial of his EAJA motion for fees and costs, and REMAND with instructions to grant the motion and to award a reasonable fee and appropriate costs to Mr. Dorman.

Entered for the Court


Stephen H. Anderson
Circuit Judge

-9-