**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 21 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

KARLA R. NIXON,

       Plaintiff - Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

       Defendant - Appellee.

No. 02-7005
D.C. No. 00-CV-668-W
(E. D. Oklahoma)

**ORDER AND JUDGMENT** *

Before **KELLY** and **BALDOCK** , Circuit Judges, and **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Karla R. Nixon appeals from an order of the magistrate judge affirming the Commissioner's determination that she is not entitled to Social Security disability benefits.[1] Because the Commissioner's determination is supported by substantial evidence in the record, we affirm.

Ms. Nixon alleges disability as of June 1, 1995 due to neck injury, with pain in the neck and shoulders; headaches; depression; and swelling in the hands, wrists, and arms. After a hearing, the administrative law judge (ALJ) determined that Ms. Nixon was not disabled at step four of the five-step sequential process, *see Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988), because she retained the residual functional capacity (RFC) to enable her to perform her past relevant work. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. The magistrate judge affirmed the Commissioner's decision.

We review the Commissioner's decision to determine whether her factual findings were supported by substantial evidence in light of the entire record and to determine whether she applied the correct legal standards. *See Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept

---

[1] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c).

-2-

as adequate to support a conclusion." *Id.* (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Nixon contends the ALJ ignored substantial medical evidence establishing limitations that would prevent her from performing her past relevant work. First, Ms. Nixon contends that the ALJ ignored or did not adequately consider the findings of the state Disability Determination Service. We disagree. The ALJ expressly considered the state agency findings. State agency findings are not binding upon an ALJ, and the record demonstrates the ALJ gave these findings the proper consideration. *See Baca v. Dep't of Health & Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993) (stating that findings by other agencies are entitled to weight and must be considered, but are not binding on the Commissioner).

Next, Ms. Nixon notes that, with respect to her mental impairments, the ALJ concluded on the Psychiatric Review Technique (PRT) form that she "often" had "[d]eficiencies of [c]oncentration, [p]ersistence or [p]ace, resulting in [f]ailure to [c]omplete [t]asks in a [t]imely [m]anner." App. Vol. II, at 33. Ms. Nixon contends that, in his RFC assessment, the ALJ should have included these nonexertional limitations imposed by Ms. Nixon's mental impairment and that his

RFC is, therefore, deficient and not supported by substantial evidence. We disagree.

The ALJ's RFC assessment included the limitation that it was impossible for Ms. Nixon to perform tasks requiring understanding, remembering, or carrying out more than simple instructions. These limitations in the ALJ's RFC assessment adequately account for Ms. Nixon's deficiencies in concentration, persistence, and pace. *See Howard v. Massanari*, 255 F.3d 577, 582 (8th Cir. 2001) (holding that description of claimant as capable of doing simple, repetitive jobs adequately accounted for deficiencies of concentration, persistence, or pace). We conclude the ALJ's assessment of her RFC limitations is reasonably consistent with his PRT assessment.

Ms. Nixon also contends on appeal that the hypothetical questions posed to the vocational expert who testified at the hearing do not match the limitations described in the ALJ's RFC assessment. Contrary to Ms. Nixon's assertion, this is a new argument that she did not raise or argue before the district court. Because our scope of review is limited to those arguments properly preserved and presented in the district court, this argument is deemed waived. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994) ("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge