Michael D. **KANE**, Plaintiff,

v.

Jo Anne B. **BARNHART**, Commissioner of Social Security Administration,[1] Defendant.

No. 01–CV–687–J.

United States District Court,
N.D. Oklahoma.

Jan. 23, 2003.

---

**62.** *Black's Law Dictionary* 1170 (7th ed.1999) (quoting Paul Goldstein, *Copyright's Highway* 12 (1994)).

**1.** Effective November 9, 2001, pursuant to Fed.R.Civ.P. 25(d)(1), Jo Anne B. Barnhart, Commissioner of Social Security, is substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Mark E. Buchner, Tulsa, OK, for Plaintiff.

Cathryn Dawn McClanahan, United States Attorney, Tulsa, OK, for Defendant.

## ORDER[2]

JOYNER, United States Magistrate Judge.

Plaintiff applied for attorney's fees and expenses under the Equal Access to Justice Act ("EAJA") on December 17, 2002, after this Court rendered a Rule 58 Judgment in his favor. [Doc. Nos. 22, 23, 24]. In an Order dated September 23, 2002, this Court reversed the Commissioner's decision that Plaintiff is not disabled and remanded the case for further administrative proceedings. [Doc. No. 21]. Defendant objects to an award of attorney's fees and expenses, arguing that the Commissioner was substantially justified in defending the Administrative Law Judge's ("ALJ") decision before the District Court. For the reasons discussed below, the Court **GRANTS** Plaintiff's Application and Motion for Attorney's Fees and Expenses under EAJA upon finding that the Commissioner was not substantially justified in defending the ALJ's decision before the District Court in this case. The Court grants Defendant fifteen (15) days within which to file a brief challenging any specific portions of the fees in the fee application or fees sustained in the appeal.

## DISCUSSION

Under the Equal Access to Justice Act, a court is permitted to award to a "prevailing party ... fees and other expenses ...

2. This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). The parties do not dispute that Plaintiff is a prevailing party within the meaning of the EAJA based on this Court's reversal and remand of his social security disability case for further administrative proceedings. Defendant argues that fees should not be awarded because the Commissioner's position defending the ALJ's decision before the District Court was substantially justified. Based on a review of the parties' briefs, relevant case law defining the standard for "substantially justified," and the record, the Court concludes that the Commissioner's position was not substantially justified. Therefore, the Court grants Plaintiff's motion for attorney's fees and expenses under the EAJA.

In *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988), the Supreme Court defined "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." "That phrase does not mean a large or considerable evidence, but such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 564, 108 S.Ct. 2541.

> [A] position can be justified even though it is not correct, and ... it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*Id.* at 565, 108 S.Ct. 2541.

Less stringent proof requirements were considered and rejected by the *Pierce* Court. "Substantially justified" is more than "merely undeserving of sanctions for frivolousness." A burden of proof higher than reasonableness, as suggested in the Brennan dissent, was rejected as well.

Between the test of reasonableness, and a test such as "clearly and convincingly justified"—which no one, not even respondents, suggests is applicable—there is simply no accepted stopping place, no ledge that can hold the anchor for steady and consistent judicial behavior. *Id.* at 567, 108 S.Ct. 2541.

Subsequent Tenth Circuit Court of Appeals rulings have further described this "ledge that can hold the anchor of consistent judicial behavior." In *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988), the Court found that a reversal based upon a lack of substantial evidence in the record does not automatically translate into an award of attorney fees. The Court noted that the circuits which have addressed the issue "have all concluded that a lack of substantial evidence indicates, but does not conclusively establish, that the government's position concerning a claim was not substantially justified." *Hadden*, 851 F.2d 1266, 1269 (10th Cir. 1988). The Tenth Circuit adopted the majority rule and held that "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* The Court has also found the mere fact that the district court below affirmed the ALJ's decision does not automatically mean that the government's position was reasonable and therefore substantially justified. *Weakley v. Bowen*, 803 F.2d 575, 578 (10th Cir.1986).

Defendant bears the burden of proof in demonstrating her position was substantially justified. *See Gilbert v. Shalala*, 45 F.3d 1391 (10th Cir.1995). The Tenth Circuit has held that a position is substantially justified if it is "reasonable[ ] in both law and fact." *See Fulton v. Heckler*, 784 F.2d 348, 349 (10th Cir.1986). Under EAJA, the "position of the United States" means "the position taken by the United States in the civil action." *See* 28

U.S.C. § 2412(d)(2)(D). The position of the United States must be justified at each stage or step of the proceedings. Plaintiff is requesting attorney's fees for the action before the District Court. Plaintiff suggests that the focus of the Court in evaluating whether the Commissioner's position was substantially justified should be on the particular issue which prompted the Court to issue the remand order, and "not the ALJ's determination that [the claimant] is not disabled." *See Jenkins v. Chater,* 81 F.3d 172, 1996 WL 145677, at *2 (10th Cir.1996).

■ The September 23, 2002 Order reversing and remanding the case for further administrative proceedings stated as the sole reason for remand the ALJ's failure to include in his mental residual functional capacity ("RFC") assessment finding or his hypothetical to the vocational expert ("VE") the restriction that Plaintiff "often" experienced difficulties in concentration, persistence, and pace. [Doc. No. 21 at 19–20]. The extent of Defendant's argument supporting the ALJ's decision in its response brief to the District Court was that the criteria on part B of the Psychiatric Review Technique ("PRT") form does not constitute an RFC assessment. *See* S.S.R. 96–8p. [Doc. No. 18 at 6–7]. Therefore, Defendant argued that the above PRT finding need not be included in the ALJ's hypothetical to the VE.

Plaintiff acknowledged that criteria B on the PRT form is not the equivalent of a RFC. However, this Court noted that, pursuant to S.S.R. 96–8p, "the ALJ must still perform a function-by-function assessment of an individual's restrictions pertaining to a mental RFC assessment." [Doc. No. 21 at 20]. The Court opined that the ALJ's failure to include his finding that Plaintiff "often" suffers deficiencies in concentration, persistence, and pace in the RFC and hypothetical to the VE constituted error because the hypothetical failed to accurately account for Plaintiff's mental impairment and its impact on his ability to perform work-related activities.

Defendant now cites an unpublished case, *Nixon v. Barnhart,* 49 Fed.Appx. 254, 2002 WL 31372286 (10th Cir.2002), decided approximately one month after the Court remanded Plaintiff's case, as support for Defendant's position that the Commissioner was substantially justified in defending the ALJ's decision. In *Nixon,* the plaintiff argued that the ALJ erred in failing to include her limitations in the RFC assessment, after finding on her PRT form that the plaintiff "often" had difficulties in concentration, persistence, and pace. *Id.* at *1, 49 Fed.Appx. 254. In rejecting this argument, the Tenth Circuit found that the ALJ's RFC limitation of the plaintiff to only simple work "adequately accounted for deficiencies in concentration, persistence, and pace." *Id.* at *2, 49 Fed. Appx. 254.

While *Nixon* is certainly on point regarding the issue of incorporating a finding that a plaintiff "often" experiences difficulties in concentration, persistence, and pace into the RFC and hypothetical to the VE, it is important to note that *Nixon* was not part of the record when the remand Order was issued—it was decided one month later. Significantly, the Commissioner's brief to the District Court defending the ALJ's decision never espoused the argument Defendant now asserts—that is, that limiting Plaintiff to simple work adequately accounted for Plaintiff's mental limitations. As discussed above, the extent of Defendant's position focused on the fact that part B criteria on the PRT form is not the equivalent of a RFC. Defendant's position was, therefore, a fact which both the Plaintiff and the Court acknowledged, discussed, and placed in context under S.S.R. 96–8p.

Accordingly, the Court finds that the Commissioner's position defending the

ALJ's failure to incorporate his own finding that Plaintiff "often" has difficulties in concentration, persistence, and pace, was not substantially justified. Where Defendant failed to assert a position on this issue in her brief before the District Court, she cannot now claim that her position defending the ALJ's decision was substantially justified by citing a case decided after the issuance of the Court's Order to remand.[3]

### CONCLUSION

Because the Commissioner's position defending the ALJ's decision before the District Court was not substantially justified, Plaintiff's Application and Motion for Attorney's Fees and Expenses under the Equal Access to Justice Act is **GRANTED.** Defendant is granted fifteen (15) days within which to file a brief challenging any specific portions of the fees in the fee application or fees sustained in the appeal.

---

**3.** Defendant additionally did not appeal the remand Order to the Tenth Circuit.