**Ruby May HADDEN, Plaintiff-Appellee,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant-Appellant.**

**No. 87–1469.**

United States Court of Appeals, Tenth Circuit.

July 20, 1988.

Michael E. Bulson, Utah Legal Services, Inc., Ogden, Utah, for plaintiff-appellee.

Jeffrey Clair, Atty., Appellate Staff, Civ. Div., Dept. of Justice, Washington D.C. (William Kanter, Appellate Staff, Dept. of Justice, Washington, D.C., Richard K. Willard, Asst. Atty. Gen., Washington, D.C. and Brent D. Ward, U.S. Atty., Salt Lake City, Utah, with him on the brief), for defendant-appellant.

Before MOORE and BALDOCK, Circuit Judges, and BOHANON, District Judge [*].

BALDOCK, Circuit Judge.

The district court awarded plaintiff-appellee Ruby May Hadden (claimant) approximately $1,700 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA) [1] after she successfully litigated

---

[*] The Honorable Luther L. Bohanon, Senior United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

[1] The purpose underlying the Equal Access to Justice Act, codified at 28 U.S.C. § 2412, is to provide financial incentives for persons contesting unreasonable governmental action and to improve citizen access to the courts and administrative proceedings by providing an award to a prevailing party. *Ewing v. Rodgers,* 826 F.2d 967, 970 (10th Cir.1987). Section 2412(d)(1)(A) provides in pertinent part:

her entitlement to social security disability benefits, 657 F.Supp. 679. The sole issue on appeal is whether the trial court used the correct legal standard in evaluating whether the government's position in the underlying litigation was "substantially justified" within the meaning of the EAJA. The district court held that if the underlying position of the government is not supported by substantial evidence, its position lacks substantial justification for purposes of the EAJA absent extraordinary circumstances. The government contends that the trial court erred as a matter of law by equating a lack of substantial evidence on the merits with a lack of substantial justification warranting an award of attorney's fees under the EAJA. We agree with the government and reverse.

Under the EAJA, the government bears the burden of showing that its position was substantially justified. *Kemp v. Bowen,* 822 F.2d 966, 967 (10th Cir.1987). To do so, the government must prove that its case had a reasonable basis in law and in fact. *See id.;* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10–11, *reprinted in* 1980 U.S. Code Cong. & Admin.News 4953, 4984, 4989–90. The Supreme Court recently defined the term "substantially justified" as "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." [2] *Pierce v. Underwood, —*

U.S. —, —, 108 S.Ct. 2541, 1550, 101 L.Ed.2d 490 (1988). The term means more than "merely undeserving of sanctions for frivolousness." *Id.* "But a position can be justified even though it is not correct, and ... it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at n. 2.

In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified. *Weakley v. Bowen,* 803 F.2d 575, 579 (10th Cir.1986); *Cinciarelli v. Reagan,* 729 F.2d 801, 806 (D.C. Cir.1984). The term "position" includes the government's position both in the underlying agency action and during any subsequent litigation. *Andrew v. Bowen,* 837 F.2d 875, 878 (9th Cir.1988); *accord Trahan v. Reagan,* 824 F.2d 96, 101 (D.C. Cir.), *reh'g granted,* 832 F.2d 158 (1987). The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue. *See Pierce v. Underwood, —* U.S. at — n. 2, 108 S.Ct at 2550 n. 2; H.R.Rep. No. 1418, *reprinted in* 1980 U.S. Code Cong. & Admin.News at 4989–90. There is no pre-

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2. Thus, the Supreme Court has laid to rest the argument that the term "substantial justification" requires a showing of more than reasonableness. *Pierce v. Underwood, —* U.S. at — —, 108 S.Ct. at 2549–2551. This argument had its genesis in a portion of the legislative history of the 1985 reenactment of and amendment to the EAJA, specifically the House Judiciary Committee report, H.R.Rep. No. 99–120 at 9 (1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138, which provided:
Several courts have held correctly that 'substantial justification' means more than merely reasonable. Because in 1980 Congress rejected a standard of 'reasonably justified' in favor of 'substantially justified,' the test must be more than mere reasonableness.

(footnote omitted). In *Pierce v. Underwood,* the Court recognized that this language would be controlling only if it was either an authoritative interpretation of the meaning of the 1980 statute or an authoritative expression of the congressional intent concerning the 1985 reenactment. *Pierce v. Underwood, —* U.S. at —, 108 S.Ct. at 2550. The Court then rejected the language as controlling on the grounds that (1) the courts, rather than the legislature, interpret the meaning of enacted statutes, and (2) the 1985 reenactment accepts on its face the meaning of the terms as interpreted under the 1980 EAJA, and neither the text nor the legislative history of the 1985 reenactment indicate that Congress "thought it was doing anything insofar as the present issue is concerned except reenacting and making permanent the 1980 legislation". *Id.* The Court further noted that this passage of the report contradicted the almost uniform appellate interpretation of the 1980 EAJA prior to the 1985 reenactment. *Id.*

requisite that the government's "decision to litigate was based on a substantial probability of prevailing" for the government to defeat a claim for attorney's fees under the EAJA. *Id.; United States v. Community Bank & Trust Co.,* 768 F.2d 311, 314 (10th Cir.1985).

We review the district court's application of the EAJA under an abuse of discretion standard. *Pierce v. Underwood,* — U.S. at —, 108 S.Ct. at 2546. The issue of whether the district court relied on the correct legal standard in applying the EAJA, however, is a matter of law which we review *de novo.* In formulating its legal standard, the district court focused primarily on the legislative history of the 1985 reenactment of the EAJA in deciding that a lack of substantial evidence is equivalent to a lack of substantial justification. The district court relied on another portion of the House Judiciary Committee Report:

> [a]gency action found to be arbitrary and capricious or unsupported by substantial evidence is virtually certain not to have been substantially justified under the Act. Only the most extraordinary special circumstances could permit such an action to be found to be substantially justified under the Act.

H.R.Rep. No. 99–120, 99th Cong., 1st Sess. 9–10, *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 138.

This language is contained in the very next paragraph of the House Judiciary Committee Report which the Supreme Court declined to follow in *Pierce v. Underwood,* — U.S. at — - —, 108 S.Ct. at 2551. We decline to follow the instant language for substantially the same reasons identified in *Pierce v. Underwood,* namely (1) it is for the court, not the legislature, to interpret and apply the statutory test, and (2) the 1985 reenactment simply does not indicate that the 1980 statutory test was to be changed to equate the lack of substantial evidence with a lack of substantial justification under the EAJA. Also, the appellate authority declining to modify the 1980 test is persuasive.

We acknowledge that the legislative history, including the House Judiciary Committee Report, is entitled to consideration. *Miller v. Comm'r,* 836 F.2d 1274, 1282–83 (10th Cir.1988). The weight given an item of legislative history, however, depends upon whether it is a contemporaneous expression of legislative intent and "is sufficiently specific, clear and uniform to be a reliable indicator of intent." *Id.* at 1282. When the legislative history as a whole is capable of differing interpretations, it may be accorded less weight in interpreting the statute. *Id.* When the legislative history and the words of the statute plainly conflict, the statutory language will be modified by the legislative history only where there is "unequivocal evidence" of legislative purpose. *Id.* at 1283.

■ The legislative history cited above is not contemporaneous with the drafting of the language enacted in 1980 and reenacted in 1985. *See Pierce v. Underwood,* — U.S. at —, 108 S.Ct. at 2550. Moreover, it is inconsistent with the plain meaning of the statute and does not express a clear legislative intent which unequivocally modifies the statutory language. As stated by the Fourth Circuit upon examining the same legislative history: "Congress never intended to adopt this standard.... If Congress had wanted this broad standard, which exceeds any judicial interpretation of the EAJA, it would have amended the statute, ..." *Pullen v. Bowen,* 820 F.2d 105, 108 (4th Cir.1987). Consequently, we find that the district court erred in relying on this portion of the committee report history to interpret the meaning of the term "substantially justified."

■ This circuit has yet to address the issue of whether a court's determination that there is a lack of substantial evidence supporting the government's position alone establishes that the government's position was not substantially justified under the EAJA. Two previous cases have discussed a substantial evidence determination in deciding whether the claim at issue was substantially justified. In *Fulton v. Heckler,* 784 F.2d 348 (10th Cir.1986), and *Weakley v. Bowen,* 803 F.2d 575 (10th Cir.1986), this court reviewed the reasonableness of the government's claim that substantial evi-

dence supported the government's denial of social security benefits. In each case, an independent review of the evidence preceded our finding that the government had not presented enough evidence to substantiate its claim factually and, therefore, the claim was unreasonable and not substantially justified under the EAJA. *See Fulton v. Heckler*, 784 F.2d at 349; *Weakley v. Bowen*, 803 F.2d at 578–79. The court did *not* award fees merely because the trial court or the ALJ had determined that the government's position was not supported by substantial evidence on the merits.

There is agreement among the circuits which have directly addressed this issue. The Second, Fourth, Fifth, Sixth and Eighth Circuits have all concluded that a lack of substantial evidence indicates, but does not conclusively establish, that the government's position concerning a claim was not substantially justified. *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir.1988); *Baker v. Bowen*, 839 F.2d 1075, 1081 (5th Cir.1988); *Pullen v. Bowen*, 820 F.2d 105, 108 (4th Cir.1987); *Riddle v. Secretary of Health and Human Services*, 817 F.2d 1238, 1244 (6th Cir.), *reh'g granted*, 823 F.2d 164 (1987); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir.1987). A panel of the Third Circuit has stated, after considering the legislative history of the EAJA, that "we believe that Congress has left the door open to the possibility that the government could demonstrate that a denial of disability benefits that flunked substantial evidence review was nonetheless substantially justified." *Taylor v. Heckler*, 835 F.2d 1037, 1044 (3d Cir.1987).

We agree with the Second Circuit that equating a lack of substantial evidence with a lack of substantial justification would result in an automatic award of attorney's fees in all social security cases in which the government was unsuccessful on the merits:

> [A] reversal based on the 'hazy contours of the "substantial evidence" rule' does not necessarily mean that the position of the Government was not substantially justified.... [S]ince a social security appeal usually will be reversed only if the court finds the Secretary's position to

lack substantial evidence, the practical effect of viewing 'substantial evidence' and 'substantially justified' as synonymous would be that attorney fee awards would become automatic in virtually all successful social security appeals. This would be contrary to the clearly expressed intent of Congress that fees under the EAJA not be awarded automatically when the plaintiff prevails against the Government.

*Cohen v. Bowen*, 837 F.2d at 585–86. We therefore adopt the majority rule that a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified.

We hold that the trial court erred as a matter of law in granting attorney's fees based upon its conclusion that the government failed to present substantial evidence on the merits. The case is reversed and remanded to the district court for application of the EAJA consistent with the legal standard in this opinion.

REVERSED and REMANDED.