**Rogelio GOMEZ–ARAUZ, Plaintiff,**

**v.**

**D. Gene McNARY, Commissioner of the Immigration and Naturalization Service, United States Department of Justice, Defendant.**

**No. CIV–90–1910–R.**

United States District Court,
W.D. Oklahoma.

Dec. 10, 1991.

E. Vance Winningham, Winningham & Associates, Oklahoma City, Okl., for plaintiff.

Ronny D. Pyle, U.S. Attorney's Office, Oklahoma City, Okl., James T. Reynolds, U.S. Attorney's Office, Dallas, Tex., for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is the Plaintiff's Application for Attorney's Fees and costs.

■ The Plaintiff seeks attorney's fees and costs from the Government under the Equal Access to Justice Act ("EAJA"), Title 28 U.S.C. § 2412(d). Under the EAJA, a civil litigant suing a government agency is entitled to be awarded attorney's fees from the Government if:

1) The Claimant is a prevailing party;

2) The Court does not find that the Government's position in the litigation was substantially justified;

3) The Court does not find that special circumstances make an award unjust; and

4) The fee application is supported by an itemized statement.

## I. PREVAILING PARTY

■ The Plaintiff was, beyond question, the prevailing party in this litigation. The Court ordered the Defendant, the Immigration and Naturalization Service ("INS"), to grant the Plaintiff work authorization pending final disposition of his applications for permanent residence and for suspension of deportation proceedings. Having obtained the relief he sought, the Plaintiff is the prevailing party.

## II. SUBSTANTIAL JUSTIFICATION

■ Where the Government challenges a prevailing party's right to attorney's fees under the EAJA, the Government bears the burden of showing that its position was substantially justified. *Hadden v. Bowen,* 851 F.2d 1266 (10th Cir. 1988); *Kemp v. Bowen,* 822 F.2d 966 (10th Cir.1987). The term "substantially justified" means justified in substance or in the main; justified to a degree that could satisfy a reasonable person. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *Hadden v. Bowen,* 851 F.2d 1266 (10th Cir.1988). The Govern-

ment's failure on the merits of a case is not determinative of whether its position was substantially justified, and a position can be justified even though it is not correct. *Pierce v. Underwood,* 487 U.S. at 566 n. 2, 108 S.Ct. at 2250 n. 2, 101 L.Ed.2d at 505 n. 2.

The Plaintiff contends that the following positions taken by the Government in this litigation were not substantially justified:

### A. *Res Judicata Defense*

■ The Government initially moved to dismiss this litigation on res judicata grounds. The Government argued that the Plaintiff's claim in this case was barred by the doctrine of res judicata by virtue of this Court's Order of August 15, 1991 in case number CIV–90–151–R. In the prior litigation, the Plaintiff sought a declaration that the District Director of the Immigration and Naturalization Service had acted improperly in denying his earlier application for work authorization.

In ruling upon the Government's Motion to Dismiss, the Court found that although the parties to this case are the same as those in the prior litigation, the allegations were different, the prayers were different, and the legal and factual bases of the claims were different.[1] The Court cannot find that the Government's res judicata argument, or its Motion to dismiss this case on res judicata grounds, were justified to a degree that would satisfy a reasonable person.

### B. *Interpretation of Amended Regulation*

■ The parties' dispute over the propriety of the Government's denial of the Plaintiff's application for work authorization turned on the question of whether the District Director of the Immigration and Naturalization Service had discretion over requests for work authorization, or whether approval of work authorizations was a mere ministerial task. Resolution of that question required interpretation of the ad-

---

1. A major amendment to the regulations was promulgated after the Court's Order in the prior litigation, and before the filing of the instant case was filed.

ministrative regulation governing work authorizations.

Effective June 25, 1990, the INS amended 8 C.F.R. § 274a.13(a). Prior to that date, that section provided as follows:

(a) *General.* An application (in the form of a written request) for employment authorization by an alien under § 274a.12(c) and Part 214 of this chapter shall be filed with the district director having jurisdiction over the applicant's residence. Except for paragraph (c)(8) of this section, the approval of an application for employment authorization shall be within the discretion of the district director. Where economic necessity is identified as a factor, the alien must provide information regarding his or her assets, income, and expenses on the application for employment authorization.

The amendment deleted the second sentence of section 274a.13(a) altogether.

The Government took the position that the amendment to 8 C.F.R. § 274a.13(a) did not remove the District Director's discretion with respect to work authorization for aliens. The Government argued that the fact that aliens seeking work authorization must make application for work authorization necessarily implies discretion. The Government further maintained that the words "[i]f authorized" in Section 274a.12(c) and the words "[i]f the application is granted" contemplate discretion to deny work authorization. The Government maintained that the sentence referring to the Director's discretion was deleted in order to give the Director discretion with respect to work authorizations for the class of aliens described in Section 274a.12(c)(8), which was formerly not in the Director's discretion; and not in order to remove all discretion from the Director.

After carefully considering the history of 8 C.F.R. § 274a.13(a), the argument of counsel and the authorities cited, this Court was unpersuaded by the Government's arguments. The Court found the Government's interpretation of the regulation to be "plainly inconsistent" with the regulatory language, concluding that deletion of the language in that section removed any

discretion on the part of the district director to deny work authorization to anyone in the classes of aliens listed in 8 C.F.R. § 274a.12 who meets the eligibility requirements of that section.

Although the Court is convinced that the Government's interpretation of the regulatory language was incorrect, the Court is equally convinced that the Government's position was substantially justified. In light of the purposes and history of the regulation at issue, and in light of the totality of the circumstances surrounding this case, it was reasonable for the Government to argue that the District Director had some discretion, express or implied, over applications for work authorization. "Substantial justification" as the term is used in the EAJA does not necessarily mean justification to a high degree, or to a degree necessarily expected to prevail; but rather that the Government's position must be justified to a degree that could satisfy a reasonable person, and must have a reasonable basis both in law and in fact. *Pierce v. Underwood,* 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); *United States v. 2,116 Boxes of Boned Beef,* 726 F.2d 1481 (10th Cir.1984). In this case, the Government's position was substantially justified.

### III. SPECIAL CIRCUMSTANCES

█ As an alternative argument, the Government urges the Court to find that special circumstances exist in this case which would make an award of fees unjust. The special circumstances exception to the attorneys' fees provisions of the Equal Access to Justice Act was developed to ensure that the Government is not deterred from advancing good faith but novel legal arguments, and to protect the Court's discretion to rely upon equitable factors in denying a fee award. *Abela v. Gustafson,* 888 F.2d 1258 (9th Cir.1989); *Jackson v. Bowen,* 807 F.2d 127 (8th Cir.1986). *See* H.R.Rep. No. 96-1418 at 11, reprinted in 1980 U.S.Code Cong. & Admin.News at 4953, 4990.

Although relatively few courts have considered the applicability of the statutory special circumstances exception under the EAJA, a number of courts, including the Tenth Circuit, have addressed the judicial-

ly-created special circumstances exception to the Civil Rights Attorney's Fees Awards Act of 1976, Title 42 U.S.C. § 1988. Courts interpreting that exception have stressed that it should be narrowly construed. *Hatfield v. Hayes*, 877 F.2d 717 (8th Cir.1989).

The mere fact that the Government acted in good faith is not equivalent to a showing of special circumstances under Title 42 U.S.C. § 1988. *Wilson v. Stocker*, 819 F.2d 943 (10th Cir.1987); *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 (10th Cir.1985); *In re Kansas Congressional Districts Reapportionment Cases*, 745 F.2d 610 (10th Cir.1984); *Love v. Mayor, City of Cheyenne, Wyoming*, 620 F.2d 235 (10th Cir.1980). Courts have held that the fact that the Plaintiff is an individual, rather than a class of affected persons, is not a special circumstance; the fact that a case is "simple" or could be "routinely handled" is not a special circumstance; and that mere uncertainty in the law is not a special circumstance justifying denial of attorney's fees under Section 1988. *J & J Anderson, Inc. v. Town of Erie*, 767 F.2d 1469 (10th Cir.1985).

The Government urges a number of special circumstances in this case. First, the Government points out that no other court had ever interpreted the amended regulation which was at issue in this case. The amendment was promulgated on June 25, 1990, shortly before the District Director's denial of the Plaintiff's application. Prior to the amendment, the District Director would have had discretion to deny the Plaintiff's application for work authorization. Due to public comment received by the Immigration and Naturalization Service, prior to this Court's ruling of April 1, 1991, the regulation was again amended to place approval of applications for employment authorization within the discretion of the District Director.

The Plaintiff filed his Application for work authorization during a brief window of time when a short-lived and apparently unintended regulatory amendment stripped the District Director of discretion to deny it. Before and after that window of time, the District Director had discretion to deny applications for work authorization.[2] Absent the regulatory amendment, the District Director would have had discretion over applications such as the Plaintiffs. If the District Director had had discretion at the time, the Plaintiff's second application, like his first, would have been a likely candidate for denial.[3]

These equitable factors, as outlined above, amount to special circumstances which would make an award of attorney's fees unjust.

## CONCLUSION

The Court finds that although the Plaintiff was the prevailing party in this litigation, the Government's position was substantially justified. Alternatively, the Court finds that special circumstances exist which would make an award of fees unjust. The Plaintiff's Application for Attorney's Fees and Costs is DENIED.

IT IS SO ORDERED.

---

**2.** The District Director did, in fact, deny the Plaintiff's earlier request for work authorization. In the ensuing litigation, this Court found that it was within his discretion to do so.

**3.** The Plaintiff has a criminal record, has falsely and repeatedly represented himself to be a United States citizen, and has remained in this country for many years in violation of immigration laws. Furthermore, the District Director had evidence submitted in support of the Plaintiff's first application for work authorization, which would support a finding that the Plaintiff had committed immigration marriage fraud.