**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 24 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TRESA FAYE CHERRY,

      Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

      Defendant-Appellee.

No. 04-5059
(D.C. No. 03-CV-156-C)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **EBEL** , **BALDOCK** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Tresa Faye Cherry appeals the district court's denial of her application for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. We have jurisdiction over the appeal, and we affirm.

BACKGROUND

Plaintiff's underlying claim for supplemental security income benefits has traveled a lengthy road. In her application, dated June 11, 1999, she asserted disability due to morbid obesity, along with diabetes mellitus, peripheral neuropathy, foot-pressure ulcers, hypertension, migraine headaches, and back problems. At the time, the Social Security Administration (SSA) recognized obesity as a separate impairment under Listing 9.09. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 (1996). Thus, a person who met the listing was presumptively disabled at step three of the five-step sequential evaluation process for determining whether a claimant is entitled to benefits. *See Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir. 1988). The SSA initially denied plaintiff's application.

On August 24, 1999, the Commissioner published a rule deleting Listing 9.09. The Commissioner replaced the rule with more restrictive guidance on the evaluation of claims for benefits involving obesity. Revised Medical Criteria for Determination of Disability, Endocrine System and Related Criteria, 64 Fed. Reg. 46122, 46123 (Aug. 24, 1999) (codified at 20 C.F.R. pt. 404).

Effective October 25, 1999, obesity could be equated–alone or combined with other impairments–with a listed impairment, e.g., a musculoskeletal impairment, when a claimant is unable to ambulate effectively. Social Security Ruling (SSR) 00-3p, 2000 WL 33952012, at *5.

The Commissioner provided guidance concerning the application of the revised rules. Social Security Ruling ("SSR") 00-3p Policy Interpretation Ruling–Title II and XVI: Evaluation of Obesity, May 15, 2000 (superseded by SSR 02-1p, 2000 WL 628049, without substantive change on Sept. 12, 2002). SSR 00-3p stated that the revised rules applied to claims filed before the effective date if they were awaiting initial determination, administrative review, or judicial review. *Id.*

After the deletion of the listing, an Administrative Law Judge (ALJ) denied plaintiff's application. The Appeals Council reviewed the matter and remanded it with instructions to develop the record with additional medical and vocational evidence and, among other things, evaluate plaintiff's obesity under the revised criteria set out in SSR 00-3p. Upon remand, the ALJ reached another unfavorable decision. The Appeals Council denied plaintiff's request for review.

On judicial review, plaintiff contended that the Commissioner did not have the statutory authority to promulgate a rule with retroactive effect and, as a consequence, the Commissioner should not have applied the revised rules to her

case. *Cherry v. Barnhart*, 327 F. Supp. 2d 1347, 1354 (N.D. Okla. 2004). The magistrate judge assigned to the case was required to resolve the retroactivity issue in the absence of on-point published authority from this court. [1]

The magistrate judge carefully evaluated the rule change in light of Supreme Court and Tenth Circuit jurisprudence on the issue of retroactive rulemaking and an unpublished Tenth Circuit order and judgment, *Nash v. Apfel*, No. 99-7109, 2000 WL 710491 (10th Cir. June 1, 2000). The general standard is that "'[a] rule changing the law is retroactively applied only if Congress expressly authorized retroactive rulemaking and the agency clearly intended the rule to have retroactive effect.'" *Cherry*, 327 F. Supp. 2d at 1355 (quoting *Nash*, 2000 WL 710491 at *2) (further quotation omitted). As the magistrate judge recognized, *Nash* held that the obesity rule change could not be retroactively applied to a case on appeal because the SSA had not clearly expressed its intent to apply the 1999 deletion retroactively. *Nash*, however, did not discuss the Commissioner's retroactivity statements in SSR 00-3p, which was issued after completion of *Nash* briefing and two weeks before the filing of the order and judgment. *Id*.

For direction on the effect of SSR 00-3p, the magistrate judge reviewed many of the district court cases addressing the problem of retroactivity that arises

---

[1]    The parties consented to proceed before a magistrate judge, in accordance with 28 U.S.C. § 636(c)(1) and (3). *Cherry*, 327 F. Supp. 2d at 1348.

-4-

in applying the new regulations to claims filed under listing 9.09. *Id.* at 1357-59 & n.9-10. These cases reach conflicting results. *See, e.g., Portlock v. Barnhart*, 208 F. Supp. 2d 451, 463 (D. Del. 2002) (remanding for an evaluation under the old listing); *Kokal v. Massanari*, 163 F. Supp. 2d 1122 (N.D. Cal. 2001) (same); *Havens v. Massanari*, No. CIV.A. 99-1008-MLB, 2001 WL 721661, *2 (D. Kan. May 9, 2001) (remanding for application of new rule to plaintiff's claim); *Rudolph v. Apfel*, No. 00-4093-DES, 2000 WL 1916317, *7 (D. Kan. Dec. 29, 2000) (remanding for application of old listing); *Wooten v. Apfel*, 108 F. Supp. 2d 921, 924 (E.D. Tenn. 2000) (remanding for application of new rule).

Ultimately, the magistrate judge concluded that the SSA had expressed its intent to apply the new rule in SSR 00-3p and 02-1p retroactively to persons in plaintiff's situation, but that Congress had not authorized the agency to do so. *Cherry*, 327 F. Supp. 2d at 1360. Therefore, the magistrate judge reversed the denial of benefits and remanded the matter for additional agency proceedings under the deleted Listing 9.09. *Id.* at 1360. The SSA did not appeal the decision.

Plaintiff then filed a fee application under the EAJA, which allows a prevailing party to recover litigation costs against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The district court denied the application on the grounds that the agency's defense of its

-5-

action was substantially justified because of the unsettled nature of case law on the retroactivity issue. This appeal followed.

DISCUSSION

Generally, we review the magistrate judge's "determination of whether the government's position was substantially justified for abuse of discretion." *Gilbert v. Shalala,* 45 F.3d 1391, 1394 (10th Cir. 1995). "The issue of whether the [magistrate judge] relied on the correct legal standard in applying the EAJA, however, is a matter of law which we review *de novo*." *Hadden v. Bowen,* 851 F.2d 1266, 1268 (10th Cir. 1988). "The government bears the burden of showing that its position was substantially justified," with a reasonable basis in law and fact. *Gilbert*, 45 F.3d at 1394. "The term 'position' includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267. "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Hadden*, 851 F.2d at 1267. When an area of law is "unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Sec'y of Health & Human Servs.,* 815 F.2d 1381, 1383 (10th Cir. 1987).

On appeal, plaintiff asserts that the magistrate judge incorrectly focused on the agency's position during litigation, rather than its administrative actions.

-6-

Specifically, she argues that the magistrate judge should have considered the SSA's failure to conduct a proper evaluation of her claim under Listing 9.09 before the effective date of the deletion and its lack of recognition that it had no statutory authority for retroactive rulemaking. We disagree.

As evidenced by the lengthy and thorough decision of the magistrate judge, a first-instance determination on a question of retroactivity can involve a "difficult legal analysis." *Tyler v. Cain,* 533 U.S. 656, 664 (2001). And a review of the case law reveals that the applicability of the revised rules to a pending claim was uncertain. Accordingly, the SSA's position on retroactivity was substantially justified in both administrative and judicial proceedings. Furthermore, the fact that the initial agency decision was unfavorable to plaintiff does not change our determination. For the purposes of the EAJA, a lack of substantial evidence on the merits is not the equivalent of a lack of substantial justification. *Hadden,* 851 F.2d at 1269.

CONCLUSION

The SSA met its burden of showing that its position was substantially justified. The district court did not abuse its discretion in denying EAJA fees. AFFIRMED.


Entered for the Court


Bobby R. Baldock
Circuit Judge