**FILED**
**U.S. Bankruptcy Appellate Panel**
**of the Tenth Circuit**

**February 5, 2019**

**Blaine F. Bates**
**Clerk**

<u>PUBLISH</u>

# UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE TENTH CIRCUIT

_____

In re PEDRO MENDOZA and SANDY M. ARMIJO,

Debtors.

_____

PEDRO MENDOZA and SANDY M. ARMIJO,

Appellants,

v.

PHILIP J. MONTOYA, Chapter 7 Trustee,

Appellee.

_____

In re STEVEN BRIAN DOLLMAN and DARLA SUE DOLLMAN,

DEBTORS.

_____

STEVEN BRIAN DOLLMAN and DARLA SUE DOLLMAN,

Appellants,

v.

PHILIP J. MONTOYA, Chapter 7 Trustee,

Appellee.

_____

BAP No. NM-18-019

Bankr. No. 16-10951
Chapter 7

BAP No. NM-18-030

Bankr. No. 13-13057
Chapter 7

OPINION

Appeal from the United States Bankruptcy Court
for the District of New Mexico
_____

Michael E. Lash of Christopher L. Trammell, P.A., Albuquerque, New Mexico for
Appellants Pedro Mendoza and Sandy M. Armijo.

Deborah M. DeMack of the Law Offices of Deborah M. DeMack, Albuquerque, New
Mexico for Appellants Steven Brian Dollman and Darla Sue Dollman.

Bonnie Bassan of Askew & Mazel, LLC, Albuquerque, New Mexico for Appellee Philip
J. Montoya, Chapter 7 Trustee.
_____

Before **MICHAEL**, **ROMERO**, and **SOMERS**, Bankruptcy Judges.
_____

ROMERO, Bankruptcy Judge.

We address the appeals of Pedro Mendoza and Sandy Armijo and Steven and

Darla Sue Dollman together as both appeals raise an identical legal issue: whether the

New Mexico bankruptcy courts properly sustained a Chapter 7 trustee's objections to the

amendment of the debtors' bankruptcy schedules.

In both cases, the bankruptcy courts concluded the general right to amend

schedules provided by Federal Rule of Bankruptcy Procedure 1009(a) sets the date the

case is closed as the specified period in which the debtors must file amendments to their

schedules.[1] As the debtors in these appeals had closed and then reopened their bankruptcy

cases, the bankruptcy courts concluded the specified period for amendment as a matter of

---

[1]     All future references to "Code," "Section," and "§" are to the Bankruptcy Code,
Title 11 of the United States Code, unless otherwise indicated. All references to "Rule" or
"Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

course had expired and both courts required the debtors to show excusable neglect existed to allow the amendments pursuant to Rule 9006(b). Because we do not read Rule 1009(a)'s language to create a specified period of time as set forth in Rule 9006(b), we REVERSE and REMAND both cases for consideration of whether the debtors properly claimed exemptions through the amended schedules.

## I. Facts

Although these appeals are taken from two separate bankruptcy cases, the factual background of each is similar. In both cases, the Chapter 7 debtors received a discharge and their cases were closed. Both sets of debtors unknowingly failed to disclose personal injury claims in their schedules and both sets of debtors sought to reopen their cases in order to amend their schedules. Following reopenings, the Chapter 7 trustee objected to the debtors' amended schedules in both cases. Both bankruptcy courts sustained the Chapter 7 trustee's objections on the basis neither set of debtors could show excusable neglect for failing to amend their schedules prior to the closing of the cases.

### a. *In re Dollman*

Darla Sue Dollman suffered a personal injury in a Wal-Mart store parking lot when she tripped over a mangled shopping cart corral on December 18, 2012. Mrs. Dollman experienced physical and cognitive injuries as a result of her fall. Mrs. Dollman and her husband, Steven Dollman, filed a Chapter 7 bankruptcy petition on September 18, 2013. The Dollmans did not disclose Mrs. Dollman's injury or any potential cause of action against Wal-Mart in their bankruptcy schedules. The Dollmans received a Chapter 7 discharge on December 30, 2013.

3

Two years later, Mrs. Dollman filed a complaint against Wal-Mart in state court on account of her personal injury. In the course of litigation, Wal-Mart's counsel became aware of the bankruptcy case and sought dismissal on the basis Mrs. Dollman was not the valid holder of the personal injury claim. Upon conferring with bankruptcy counsel, the Dollmans filed a motion to reopen their bankruptcy case to amend their claimed exemptions to exempt the personal injury claim. The bankruptcy court granted the motion to reopen on January 24, 2017. The Dollmans immediately amended Schedules A, B, and C to disclose a "Personal injury legal claim"[2] and exempt the personal injury claim pursuant to § 522(d)(11)(D) and (E).[3]

Philip Montoya was appointed as the Chapter 7 trustee (the "Trustee") in the reopened case on January 25, 2017. The Trustee objected to the Dollmans' amendments to Schedules A, B, and C. The parties waived an evidentiary hearing on the issue and the bankruptcy court issued its memorandum opinion on September 29, 2017.[4] In the opinion, the bankruptcy court concluded Rule 9006(b) required the Dollmans to file a motion to extend the time to amend the schedules and meet the excusable neglect standard before they would be allowed to amend their claimed exemptions. Accordingly, the bankruptcy court struck the amended Schedules A, B, and C and set a deadline for the Dollmans to file a motion to extend the deadline to amend the schedules.

---

[2]     *Schedule B* at 6, *in* Dollman App. at 29.

[3]     *Schedule C* at 2-3, *in* Dollman App. at 32-33.

[4]     *In re Dollman*, 583 B.R. 268, 273 (Bankr. D.N.M. 2017).

The Dollmans filed a timely request for an extension of time to amend their schedules pursuant to Rule 9006(b)(1), asserting they acted in good faith and any delay in amending the schedules was excusable based on their attorney's failure to act. The Trustee objected to the request for an extension, arguing the Dollmans could not meet the excusable neglect standard.

After conducting an evidentiary hearing, the bankruptcy court entered its *Memorandum Opinion* on March 5, 2018.[5] The bankruptcy court concluded that while neglect may have occurred, the Dollmans did not meet Rule 9006(b)'s excusable neglect standard to amend schedules in a reopened bankruptcy case. The bankruptcy court evaluated the factors provided by the Supreme Court decision *Pioneer Investment Services Company. v. Brunswick Associates*,[6] concluding that although the Trustee suffered minimal prejudice, the court could not excuse the Dollmans' more than three-year delay in disclosing the personal injury claim. Accordingly, the bankruptcy court denied the motion to extend time to amend Schedules A, B, and C. The Dollmans filed a timely appeal of the order striking their amended schedules and the order denying their request for an extension of time to amend the schedules.

### b. *In re Mendoza*

Sandy Armijo suffered a personal injury in an automobile accident when she was rear-ended at a stoplight on August 13, 2014. The at fault driver's automobile insurance

---

[5]     Dollman App. at 174.

[6]     507 U.S. 380 (1993).

company, State Farm Mutual Automobile Insurance Company ("State Farm"), reimbursed Armijo for the cost of repairing her vehicle on October 30, 2014. Armijo sought chiropractic treatment for the personal injuries caused by the accident. Between September 17, 2014 and June 22, 2017, Armijo received a total of ninety-five chiropractic treatments. Armijo paid for forty-five of the treatments out of her own pocket. The chiropractor billed State Farm for the rest.

On April 20, 2016, Armijo and her then husband, Pedro Mendoza, filed a Chapter 7 bankruptcy petition.[7] Armijo and Mendoza did not list the car accident, injuries, or any potential claims against State Farm in their bankruptcy schedules. The Chapter 7 trustee appointed in the case conducted a § 341 meeting of creditors and filed a report of no distribution to creditors.

Having received no payment from State Farm, Armijo's chiropractor contacted her regarding its $6,250.71 bill in May or June 2016. The chiropractor also contacted State Farm regarding the bill on June 1, 2016. After that, State Farm wrote Armijo a letter asking her to contact the company about settlement of her claims.[8] Armijo and Mendoza

---

[7]     Ms. Armijo and Mr. Mendoza were married on the petition date but have since divorced.

[8]     Once on July 5, 2016 and again on September 6, 2016. This letter is not in the record but was referenced in cross-examination of Ms. Armijo. *Tr.* at 34-35, *in* Mendoza App. at 111-12. The bankruptcy court included the text of the July 5, 2016 letter in its opinion. *In re Mendoza*, 584 B.R. 355, 359 (Bankr. D.N.M. 2018).

6

received a Chapter 7 discharge on July 25, 2016, and the bankruptcy court closed their case on the same day.

On October 14, 2016, State Farm sent Armijo a settlement agreement and check for $14,250.71 in settlement of all her claims resulting from the August 13, 2014 accident. Armijo signed the settlement agreement on October 18, 2016. State Farm paid Armijo $8,000.00 on October 25, 2016, and paid her chiropractor $6,250.71 directly on October 26, 2016. State Farm sent Armijo and Mendoza's bankruptcy counsel a copy of the settlement agreement and other communications on November 22, 2016.[9]

After conferring with their bankruptcy counsel, Armijo and Mendoza moved to reopen their bankruptcy case to schedule and exempt the personal injury award for the automobile accident on April 3, 2017. The bankruptcy court granted the motion to reopen and Armijo and Mendoza filed amended Schedules A, B, and C on April 12, 2017. Schedule B lists "$14,250.71 for accident 8/13/14 caused by Dawn Davis/ State Farm Insurance; subject to chiropractor lien of $6250.71 Net to Sandy Armijo $8000.00 on 10/14/16."[10] Schedule C exempts the $14,250.71 pursuant to § 522(d)(11)(D). Philip Montoya was also appointed as Chapter 7 trustee in the reopened Mendoza bankruptcy

---

[9]     *Exhibit N*, *in* Mendoza App. at 200. It is unclear from the record how State Farm learned about the bankruptcy case.

[10]     *Schedule A/B* at 6, *in* Mendoza App. at 26.

case. The Trustee filed an objection to the amended claim of exemption, arguing the amendment was untimely pursuant to Rule 1009(a).

The bankruptcy court held a hearing on November 16, 2017, and issued its *Opinion* and *Order Sustaining Trustee's Objection to Debtors' Claim of Exemption* on January 31, 2018.[11] The bankruptcy court concluded Rule 9006(b)(1) required Armijo and Mendoza to show excusable neglect in order to amend their schedules in the reopened bankruptcy case. Applying *Pioneer*, the bankruptcy court concluded Armijo and Mendoza could not show excusable neglect because numerous events in the bankruptcy case should have prompted them to disclose the personal injury claims. As a result, the bankruptcy court sustained the Trustee's objection to Armijo and Mendoza's amended claim of exemption. Armijo and Mendoza filed a timely notice of appeal.

## II.    Jurisdiction & Standard of Review

"With the consent of the parties, this Court has jurisdiction to hear timely-filed appeals from 'final judgments, orders, and decrees' of bankruptcy courts within the Tenth Circuit."[12] A bankruptcy court's order applying the excusable neglect standard to justify an extension of time is a final order for purposes of 28 U.S.C. § 158.[13] No party in either

---

[11]    *In re Mendoza*, 584 B.R. at 355; Mendoza App. at 55.

[12]    *Straight v. Wyo. Dep't of Trans. (In re Straight)*, 248 B.R. 403, 409 (10th Cir. BAP 2000) (first quoting 28 U.S.C. § 158(a)(1), and then citing 28 U.S.C. § 158(b)(1), (c)(1) and Fed. R. Bankr. P. 8002).

[13]    *See Lang v. Lang (In re Lang)*, 305 B.R. 905, 908 (10th Cir. BAP 2004), *aff'd* 414 F.3d 1191 (10th Cir. 2005).

case elected for these appeals to be heard by the United States District Court pursuant to 28 U.S.C. § 158(c). Accordingly, this Court has jurisdiction over this appeal.

The bankruptcy courts' determinations the debtors in these two cases failed to justify the amendments to their schedules rested on the adoption of the excusable neglect standard pursuant to Rule 9006(b) and application of *Pioneer* to weigh factors on excusable neglect.[14] "The 'issue of whether the [trial] court relied on the correct legal standard . . . is a matter of law which we review *de novo.*'"[15] "*De novo* review requires an independent determination of the issues, giving no special weight to the bankruptcy court's decision."[16] "When *de novo* review is compelled, no form of appellate deference is acceptable."[17]

### III. Analysis

Our analysis begins with the text of the Rules applicable to the amendment of the debtors' schedules. Rule 1009 provides,

> A voluntary petition, list, *schedule*, or statement may be amended by the debtor as a matter of course at *any time before the case is closed*. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, *schedule*, or

---

[14]    507 U.S. 380 (1993).

[15]    *Arnold v. Arnold (In re Arnold)*, No. CO-15-031, 2016 WL 1022350, at *4 (10th Cir. BAP Mar. 15, 2016) (quoting *Hadden v. Bowen*, 851 F.2d 1266, 1268 (10th Cir. 1988)).

[16]    *Morris v. St. John Nat'l Bank (In re Haberman)*, 347 B.R. 411, 414 (10th Cir. BAP 2006) (citing *Salve Regina Coll. v. Russell*, 499 U.S. 225, 238 (1991)).

[17]    *Salve Regina Coll.*, 499 U.S. at 238.

9

statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.[18]

In both cases, the bankruptcy courts read Rule 1009 in conjunction with Rule 9006(b)(1).[19] Following the most basic canon of statutory construction requiring the words of statutes to be read in context of the overall statutory scheme,[20] the bankruptcy courts concluded Rule 1009(a) created a specified period for the debtors to act and, upon failure to act, Rule 9006(b)(1) required the debtors to show excusable neglect to amend after the cases closed. We agree the canons of statutory construction apply to procedural rules.[21] However, we cannot conclude Rule 9006(b)(1) applies to Rule 1009(b).

Rule 9006(b)(1) provides,

when an act is required or allowed to be done at or within a *specified period* by these rules . . . the court for cause shown may at any time in its

---

[18]     Fed. R. Bankr. P. 1009(a) (emphasis added).

[19]     *In re Dollman*, 583 B.R. 268, 273 (Bankr. D.N.M. 2017) ("Rule 9006(b)(1) places the burden of proof on the debtor to show why the failure to amend the schedules as a matter of course before the case was closed, as permitted by Rule 1009(a), was the result of excusable neglect."); *In re Mendoza*, 584 B.R. 355, 361 (Bankr. D.N.M. 2018) ("The late filing must be disallowed unless Debtors can show excusable neglect.").

[20]     *See In re Woods*, 743 F.3d 689, 694 (10th Cir. 2014) (quoting *Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989)).

[21]     *See Briseno v. Conagra Foods, Inc.*, 844 F.3d 1121, 1125 (9th Cir. 2017) ("We employ the 'traditional tools of statutory construction' to interpret the Federal Rules of Civil Procedure.") (quoting *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir. 2014)); *United States v. Roibal-Bradley*, No. 15-3253, 2017 WL 3052523, at *8 (D.N.M. June 20, 2017) ("[T]he rules of statutory construction apply to the Federal Rules.") (quoting *In re Kubler*, No. 11-0048, 2012 WL 394680, at *11 (D.N.M. Jan. 25, 2012)); *Robinson v. G D C, Inc.*, 193 F. Supp. 3d 577, 579 (E.D. Va. 2016) ("Interpreting a Federal Rule of Civil Procedure is no different from interpreting a statute[.]") (citing *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 376 (2013) (interpreting Fed. R. Civ. P. 54(d)(1))).

discretion . . . [and] on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.[22]

Resolution of these appeals rests on whether Rule 1009(a)'s "any time before the case is closed" language creates a "specified period" during which an act must be done. If Rule 1009(a) creates a "specified period" for a debtor to amend schedules, then a debtor must show the failure to act was the result of excusable neglect. If Rule 1009(a) does not create a "specified period" for a debtor to amend schedules, then amendment may occur as a matter of course at any point while the case is open.[23]

The Tenth Circuit concludes "[t]he time-computation and extension provisions of Rule 9006, like those of Federal Rule of Civil Procedure 6, are generally applicable to any time requirement found elsewhere in the rules unless expressly excepted."[24] This general rule is premised on rules creating time requirements that expressly set forth a "specified period" for a debtor to act. Rule 1009(a)'s only temporal requirement states an amendment to schedules must occur "any time before the case is closed."[25] Applying a

---

[22]    Fed. R. Bankr. P. 9006(b)(1) (emphasis added).

[23]    The Court recognizes a third approach may apply whereby a debtor may not amend schedules in a reopened case. *See e.g.*, *In re Bartlett*, 326 B.R. 436, 439 (Bankr. N.D. Ind. 2005).

[24]    *Jones v. Arross*, 9 F.3d 79, 80-81 (10th Cir. 1993) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993)).

[25]    Fed. R. Bankr. P. 1009(a).

11

plain meaning analysis,[26] the phrase "any time before the case is closed" does not create a "specified period." Until the case is closed, it is impossible to determine the date of the case closing, suggesting Rule 1009 references an indeterminate timeframe.[27]

Section 350 further complicates application of Rule 1009 by allowing a case to be reopened "to administer assets, to accord relief to the debtor, or for other cause."[28] This Court previously recognized a bankruptcy case is reopened "to continue the bankruptcy proceeding. The word 'reopened' used in Section 350(b) obviously relates to the word 'closed' used in the same section."[29] Other courts suggest reopening a closed bankruptcy case is an administrative act that "merely provides an opportunity to request substantive

---

[26]     *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002) (explaining the first step in statutory construction "is to determine whether the language at issue has a plain and unambiguous meaning") (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)).

[27]     *See In re Muscato*, 582 B.R. 599, 603 (Bankr. W.D.N.Y. 2018) ("By its language, Rule 9006(b) speaks to a specific period, and not to an indeterminate span of time whose length is not precisely set."). We find support for this interpretation of Rule 9006(b) in the advisory committee's notes, which explain Rule 9006(b)(2) prevents extension of the period created by certain rules, all of which state the time in ascertainable periods. Fed. R. Bankr. P. 9006 advisory committee's note to subdivision (b) (referencing Rule 1007(d)'s 2-day period; Rule 1017(b)(3)'s 30-day period; Rule 1019(2)'s 20-day period; Rule 2003(a)'s 40-day period; Rule 2003(d)'s 10-day period; Rule 3014's deadline tracking the date to object to a disclosure statement; Rule 4001(b)'s 30-day period; Rule 7052(b)'s 10-day period; Rule 9015(f)'s 20-day period; Rule 9023's 10-day period; and Rule 9024's 1-year period).

[28]     11 U.S.C. § 350(b); *see also* Fed. R. Bankr. P. 5010.

[29]     *In re Flores*, No. NM-00-069, 2001 WL 543677, at *3 (10th Cir. BAP May 23, 2001) (quoting *Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 963, 965 (9th Cir. 1982) (per curiam)).

relief" and has "no substantive effect in itself."[30] Section 350(b) places the decision to reopen a case in the bankruptcy court's discretion; however, "the bankruptcy court has a duty to reopen a case whenever there is prima facie proof that a case has not been fully administered."[31]

Since the reopening of a case is purely administrative, we cannot read Rule 1009(a)'s language to impose a substantive limitation on the debtors' ability to amend their schedules as a matter of course. A reopening renders a case open. Rule 1009(a) contains no distinction between an original case and a case closed and then reopened. Nor does the Rule limit amending schedules to any time prior to the first closing of the case. As previously stated, Rule 1009(a)'s plain language does not create an ascertainable and specific period during which a debtor may amend his or her schedules.[32] With this conclusion, we join a number of courts in holding "the debtor, under Rule 1009, may

---

[30]     *In re Cook*, No. 7-04-17704, 2012 WL 5408905, at *6 (Bankr. D.N.M. Nov. 6, 2012) (citing *Cusano v. Klein*, 264 F.3d 936 (9th Cir. 2001)); *accord In re Apex Oil Co.*, 406 F.3d 538, 543 (8th Cir. 2005) ("The act of reopening a closed bankruptcy case is typically ministerial. . . ."); *In re Lopez*, 283 B.R. 22, 26 (9th Cir. BAP 2002) (same).

[31]     *In re Cook*, 2012 WL 5408905, at *6 (citing *In re Mullendore*, 741 F.2d 306, 308 (10th Cir. 1984)).

[32]     *In re Muscato*, 582 B.R. at 603 ("[T]here is no justification for applying Rule 9006 in this case. The Federal Rules of Bankruptcy Procedure do not require that exemption schedules be amended 'within a specified period.'") (quoting *In re Goswami*, 304 B.R. 386, 393 (9th Cir. BAP 2003)).

13

amend schedules without limitation of whether the case is open or reopened after closing."[33]

In both cases, the bankruptcy courts contemplated the interaction between Rules 1009(a) and 9006(b) in reaching their decisions.[34] However, by denying the debtors the right to amend as a matter of course and requiring them to show excusable neglect, the bankruptcy courts effectively shifted the burden of proving an exemption is properly claimed to the debtors.[35] Rule 4003(c) provides "the objecting party has the burden of proving that the exemptions are not properly claimed."[36] As we are tasked to read Rule 1009(a) in context of other Rules and "fit, if possible, all parts into an harmonious

---

[33] *Id.* at 602 (quoting *In re Martin*, 157 B.R. 268, 274 (Bankr. W.D. Va. 1993)); *accord Towers v. Boyd (In re Boyd)*, 243 B.R. 756, 766 (N.D. Cal. 2000); *In re Goswami*, 304 B.R. at 391-93; *Equitable Life Assurance Co. v. Union Planters Bank (In re Jordan)*, 276 B.R. 434, 438 (Bankr. N.D. Miss. 2000).

[34] The bankruptcy courts analyzed three approaches to allowing the amendment of schedules in a reopened bankruptcy case, both courts concluded the third approach, requiring debtors to show excusable neglect, "best harmonize[d] the Code and Rule." *In re Mendoza*, 584 B.R. 355, 361 (Bankr. D.N.M. 2018); *In re Dollman*, 583 B.R. 268, 273 (Bankr. D.N.M. 2017) (applying Rule 9006(b) to Rule 1009 "terminates the liberal right to amend.") (citing cases adopting the same approach).

[35] *In re Dollman*, 583 B.R. at 273 ("Rule 9006(b)(1) places the burden of proof on the debtor to show why the failure to amend the schedules as a matter of course before the case was closed, as permitted by Rule 1009(a), was the result of excusable neglect."); *In re Mendoza*, 584 B.R. at 361 ("The late filing must be disallowed unless Debtors can show excusable neglect.").

[36] Fed. R. Bankr. P. 4003(c).

whole,"[37] we cannot agree with the bankruptcy courts' conclusions, which required the debtors to bear the burden of showing excusable neglect in order to claim an exemption.

Accordingly, on application of *de novo* review, we conclude both bankruptcy courts erred in applying Rule 9006(b) and requiring the debtors to show excusable neglect existed to amend their schedules. Our decision does not preclude an objection to claimed exemptions on the merits or prevent the bankruptcy courts from denying the exemptions should the objector meet his or her burden of showing the exemptions are not properly claimed. We only conclude Rule 9006(b) should not be applied to prevent the debtors from amending their schedules in the reopened cases. Furthermore, we decline to consider whether the Supreme Court decision in *Law v. Siegel*[38] limits a bankruptcy court's ability to deny a debtor's claimed exemptions.

## IV.    Conclusion

The bankruptcy courts' conclusions that Rule 1009(a) creates a "specified period" in which the debtors must amend their schedules—despite the lack of an ascertainable date upon which amendments must be made—misapplies the Rule. Simply put, Rule 9006(b)(1) does not apply to Rule 1009(a) and the bankruptcy courts' orders improperly burden the debtors' ability to claim an exemption by requiring them to show excusable neglect. Accordingly, the bankruptcy courts' decisions are REVERSED and

---

[37]    *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (quoting *FTC v. Mandel Bros.*, 359 U.S. 385, 389 (1959)).

[38]    571 U.S. 415 (2014).

REMANDED to consider the merits of the Trustee's objections to the debtors' claims of exemptions.